**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>ANDREW ASHIEGBU,<br>LINDA ASHIEGBU, and<br>DORIS ANYANWU<br>    Defendants. | No. C 10-00422 CRB<br><br>**ORDER RE RESTITUTION** |

In February 2011, Defendants Andrew Ashiegbu and Linda Ashiegbu entered guilty pleas in this case pursuant to plea agreements. Defendant Andrew Ashiegbu entered guilty pleas to Count One [Conspiracy to Commit Bank Fraud and Wire Fraud] and Count Sixteen [Monetary Transactions Using Criminally Derived Property], the latter of which was based upon the proceeds from wire fraud. Dkt. 155. On February 11, 2011, Defendant Linda Ashiegbu also pled guilty to Counts One and Sixteen of the Indictment. Dkt. 160. On March 8, 2011, a jury found defendant Doris Anyanwu guilty of conspiracy to commit wire fraud [18 U.S.C. § 1349], four counts of wire fraud [18 U.S.C. § 1343], one count of monetary transactions using criminally derived property [18 U.S.C. § 1957(a)], and four counts of false claim to United States citizenship [18 U.S.C. § 911]. Dkt. 186.

Andrew Ashiegbu and Linda Ashiegbu agreed in their respective plea agreements to pay $145,993.69 in restitution to the Bank of America. The Government then sought an

1 enhancement of the already agreed upon amount of restitution pertaining to the foreclosed
2 property at 7210 MacArthur Boulevard, Oakland, California. On August 24, 2010, the Court
3 held a hearing regarding any additional restitution owed by Defendants Andrew Ashiegbu,
4 Linda Ashiegbu, and Doris Anyanwu.

5 The Government bears the burden, by a preponderance of the evidence, of
6 demonstrating both the identity of the victim for the purposes of restitution, and the amount
7 of loss sustained by a victim as a result of an offense. 18 U.S.C. § 3664(e); United States v.
8 Andrews, 600 F.3d 1167, 1171 (9th Cir. 2010). The Court finds the Government failed to
9 meet its burden to demonstrate that Bank of America had acquired the loan at issue prior to it
10 being written off as a loss, and thus, was truly the correct victim. See United States v. Baker,
11 25 F.3d 1452, 1453-55 (9th Cir. 1994), superseded by statute on other grounds as stated in
12 United States v. Lawrence, 189 F.3d 838, 846 (9th Cir. 1999); Government Restitution
13 Memorandum at 6 (stating loan "written off by the lending institution as actual loss"). The
14 statement does not indicate which lending institution wrote it off as an actual loss, nor when
15 such write-off occurred. Thus, the Government has failed to prove by a preponderance of the
16 evidence that Bank of America is the proper victim, and the Court declines to order any
17 enhancement to the agreed upon amount of restitution.

18 Pursuant to their plea agreements, the Court orders Andrew and Linda Ashiegbu (joint
19 and several) to pay $145,993.69 in restitution to the Bank of America. The Court declines to
20 order Doris Anyanwu to pay any amount of restitution.

21 The full amount of restitution shall be due immediately and the Defendants shall pay
22 interest as required by 18 U.S.C. § 3612(f). The Defendants shall notify the Court and the
23 Attorney General for the United States of America of any material change in their economic
24 circumstances that might affect their ability to pay restitution. See 18 U.S.C. § 3664(k).

25 **IT IS SO ORDERED.**

26
27
28 Dated: September 15, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE